IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Chad C. Renfro-Nacduzzi  #LU 7772
(PLAINTIFF NAME)                (INMATE NUMBER)
SCI-Rockview
Box-A
Bellefonte, Pa 16823
(ADDRESS)

                Plaintiff,      COMPLAINT

          V

                           1:17CV2394
                           Civil Action No.

Sgt. Miller
Sgt. Hemmis
COI. Halderman
   Individually and in thier
   offical capacities,
               Defendants,

FILED
SCRANTON
DEC 26 2017
PER ___ DEPUTY CLERK

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for ~~injunctive~~ injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284

and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Chad C. Beafro-Narduzzi, is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Corrections. Plaintiff is currently confined in State Correctional Institution- at Rockview in Bellefonte, Pennsylvania.

## III. DEFENDANT(S)

4. Defendant, Sgt. Miller is a correctional officer of the Pennsylvania Department of Corrections, who at all times mentioned in this complaint, held the duty of care, custody, and control of all inmates housed in his assigned prison and held the rank of a Sergeant (COI) and is/was assigned to SCI-Rockview.

5. Defendant, Sgt. Hemmis, is a correctional officer of the Pennsylvania Department of Corrections, who at all times mentioned in this complaint, held the duty of care, custody, and control of all

inmates housed in her assigned prison and held the rank of a sergeant (CO.II) and is/was assigned to SCI-Rockview.

6. Defendant, CO. Halderman, is a correctional officer of the Pennsylvania Department of Corrections, who at all times mentioned in this complaint held the duty of care, custody, and control of all inmates housed in her assigned prison and held the rank of Correctional Officer (COI) and is/was assigned to SCI-Rockview.

## IV. FACTS

7. At all times relevant to this case, Plaintiff Chad C. Benfro-Narduzzi, is/was confined at SCI-Rockview on the BC/RTU (Residential Treatment Unit) housing unit.

8. On July 7, 2017, Plaintiff and Defendant Sgt. Miller, got into an arguement regarding Plaintiff getting his hair cut. Defendant, Sgt. Miller said he was giving Plaintiff a direct order to get his hair cut.

9. Upon correct information Plaintiff stated to Defendant Sgt. Miller that he could no longer give a direct order to get a hair cut as the Pennsylvania Department of Corrections has changed thier policy regarding the length of inmates

hair. (DC-ADM 807 - Grooming policy attached as Ex.A).

10. Plaintiff then went to his cell to get his copy of the DC-ADM 807 Grooming policy to show Defendant Sgt. Miller at the officer's desk. When Plaintiff showed Defendant Sgt. Miller the policy he became visibly mad and got into Plaintiff's face and told Plaintiff to go to his cell. Plaintiff then complied with this order.

11. As Plaintiff made his way to his cell Plaintiff never showed any sign of aggression in any way.

12. Plaintiff on his way to his cell was followed by Defendant(s) Sgt. Miller, Sgt. Hemmis, and COI Halderman.

13. Once at Plaintiffs' cell Defendant Sgt. Miller pushed Plaintiffs' cell door open with enough force to where Plaintiff had to turn slightly to avoid the door from hitting him in the face.

14. Once inside Plaintiffs' cell Defendant Sgt. Miller pushed Plaintiff from behind which caused Plaintiff hit the back wall in his cell.

15. When Plaintiff turned around Defendant Sgt. Miller started to punch Plaintiff in the face/head

area with closed fists. Defendant Sgt. Miller hit Plaintiff with closed fists apps. 20-30 times.

16. While Defendant Sgt. Miller was assaulting Plaintiff Defendant, Sgt. Hemmis and COI. Halderman stood at Plaintiffs' cell door and watched and never called for back-up.

17. While Defendant, Sgt. Miller was assaulting Plaintiff, Plaintiff started yelling for help yet Defendant(s), Sgt. Hemmis and COI. Halderman still fail to care for the safety of Plaintiff and continued to violate Pennsylvania Department of Corrections policies and procedures by failing to call for back-up.

18. Plaintiff continued to yell for help for several minutes untill COI. Fry who was stationed near the BC/RTU housing unit came toward Plaintiffs' outside cell window.

19. Once COI. Fry came over to Plaintiffs' window, Upon Information and belief she may have seen something going on because she got on her radio and called for back-up.

20. Once back-up arived Plaintiff was escorted to medical, while Plaintiff was being escorted to medical, Plaintiff lossed consciousness several times were officers escorting him had to hold

him up to keep him from falling down onto the ground.

21. Once Plaintiff was at medical Plaintiff had to recieve 6 stitches above his left eye, pictures were taken of all injuries sustained at the hands of Defendant Sgt. Miller and the neglect of care by Defendants Sgt. Hemmis and COI. Holderman.

22. Plaintiff sustained several injuries due to the actions of Defendant Sgt. Miller as well as Defendant(s) Sgt. Hemmis and COI. Holderman's failure to protect.

23. Plaintiffs' pysical injuries consisted of 6 stitches above his left eye, swelling/brusing to his face/head area and constent pain in his head area for several days to were being exposed to bright lights and laud nosies caused more pain.

24. Plaintiff also has a history of P.T.S.D. due to passed pysical and sexual abuse and due to Defendants actions in this case Plaintiff has suffered emotional distress night terrors and two psychiatric inpatient treatments due to this incident.

25. Plaintiff followed Pennsylvania Department of

Corrections policy DC-ADM 001-Inmate Abuse Allegation Monitoring by reporting said incident to apporperate authorities here at SCI-Rockview. (see DC-ADM 001-Inmate Abuse Allegation Monitoring policy attached as Ex. B).

26. On appx. 7-10-17, an investigation was conducted regarding to Defendant(s) actions.

27. On September 14, 2017, notice of completed investigation was given to Plaintiff stating that Plaintiffs' claims were substantiated. (see notice of completed investigation attached as Ex C.).

## V. EXHAUSTION OF LEGAL REMEDIES

28. On ~~September~~ July 23, 2017, Plaintiff filed his initial inmate grievance in complience with Pennsylvania Department of Corrections policy DC-ADM 804 Inmate Grievance System. (see DC-ADM 804, Ex. D) (Inmate Grievance Ex D-A)

29. On September 15, 2017, Plaintiff recieved initial response to his inmate grievance which was upheld in part and denied in part. (see initial response as Ex. D(1).)

30. On October 5, 2017, Plaintiff filed his 1st Level appeal to Facility Manager. (see 1st Level appeal Ex. D(2).).

31. On October 13, 2017, Plaintiff recieved Facility Manager's response stating Plaintiff filed appeal

untimely due his office didn't receive appeal till October 13, 2017. (see Facility Manager's response Ex. D(3).);

32. On October 22, 2017, Plaintiff filed appeal for final appeal review and argued that the facility manager erred in dismissing appeal due he disregarded the "Prisoner Mailbox Rule" and ask for his initial relief. (see Appeal for Final Review Ex. D(4))

33. On October 30, 2017, Plaintiff received his response from final Appeal. (see Final Appeal Ex. D(5).).

VI. LEGAL CLAIMS

34. Plaintiff reallege and incorporate by reference paragraphs 1-33.

35. Defendant Sgt. Miller's use of excessive force against Plaintiff, by punching him in the face/head area appx. 20-30 times with closed fists violated Pennsylvania Department of Corrections Policies and Procedures.

36. Defendant Sgt. Miller's use of excessive force against Plaintiff, by punching him in the face/head area appx. 20-30 times when Plaintiff was not violating any prison rules, violates Plaintiffs Protect right to be free from Cruel and Unusual Punishment under the Eighth Amend. of the United

States Constitution.

37. Defendant Sgt. Miller's use of excessive force against Plaintiff, by punching him in the face/head area appx. 20-30 times and causing Plaintiff injuries to his face/head area, violated Plaintiffs protected right to be free from "unnecessary and wanton infliction of pain" under the Eighth Amend. of the United States Constitution.

38. Defendant(s) Sgt. Hemmis and COI. Holderman's failure to protect Plaintiff from being assaulted, by standing at Plaintiffs' cell door and watched while Sgt. Miller hit Plaintiff with closed fists appx 20-30 times and never did anything to stop him nor did Defendant(s) Sgt. Hemmis or COI Holderman call for back-up. Defendant(s) Sgt. Hemmis and COI Holderman's Failure to Protect Plaintiff violates Plaintiff protected rights under the Eighth Amend. of the United States Constitution.

39. Defendant(s) Sgt. Miller, Sgt. Hemmis, and COI Holderman's actions have cause Plaintiff great pain, suffering, emotional distress and violates Plaintiffs right to be free from "Cruel and Unusual Punishment" under the Eighth Amend. of the United States Constitution.

40. Plaintiff, has no plain, adequate or complete remedy at law to redress the wrongs described

herein. Plaintiff has and will continue to be exposed to Cruel and Unusual Punishment at the hand of Defendant(s) and/or future Corrections Officers unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

41. A declaration that the acts and omissions described herein violated plaintiff's Rights under the Constitution and laws of the United States.

42. A preliminary and permanent injunction ordering defendant Sgt. Miller to stop his assaultive actions against Plaintiff and future inmates.

43. A preliminary and permanent injunction ordering defendant(s) Sgt. Miller, Sgt. Hemmis, and CO1 Haldeman to stop abusing thier authority by violating Pennsylvania Department of Corrections Policies and Procedures.

44. Compensatory damages in the amount of $75,000.00. Seventy-five Thousand Dollars

and 00/100 cents against defendant Sgt. Miller for the pysical injuries, great pain, suffering, emotional distress, night terrors, and permanent scarring Plaintiff sustained due to defendants acts against Plaintiff.

45. Punitive damages in the amount of $50,000.00 Fifty Thousand Dollars and 00/100 cents against defendant Sgt. Miller, for actions against Plaintiff of hitting him in the face/head area with closed fists appx 20-30 times.

46. Punitive damages in the amount of $50,000.00 Fifty Thousand Dollars and 00/100 cents against each defendant(s), Sgt. Hemmis and COI Helderman due to thier blantant disregard for the safety of a prisoner under thier care, custody, and control when they stood out side of Plaintiffs cell and watched defendant Sgt. Miller beat Plaintiff and did nothing to stop it.

47. A jury trial on all issues triable by jury.

48. Plaintiff seeks complecte recovery of the costs of this suit, and.

49. Any additional relief this court deems

just, proper, and equitable.

Date: December 7th, 2017

Respectfully Submitted,

*[signature]*

Chad C. Renfro-Narduzzi
LU-7772
SCI-Rockview, Box-A
Bellefonte, Pa 16823

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed in Bellefonte, Pennsylvania on the 7th day of December, 2017.

*[signature]*

Chad C. Renfro-Narduzzi

