**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| CHAD C. RENFRO-NARDUZZI, | : |
| Plaintiff, | : Civil Action – Law |
| | : |
| v. | : |
| | : |
| SGT. MILLER, SGT. HEMMIS, and | : |
| CO I HALDEMAN, individually | : |
| and in their official capacities, | : No. 1:17-cv-2394 |
| Defendants. | : (Hon. John E. Jones, III) |


## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.     Procedural History and Statement of Facts

On December 26, 2017, Plaintiff, Chad C. Renfro-Narduzzi, filed a Complaint against Sgt. Miller, Sgt. Hemmis, and CO I Haldeman "Individually and in their official capacities." (Complaint, page 1).  Plaintiff's Complaint alleges a cause of action under the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Eighth Amendment of the United States Constitution. (Complaint).  Plaintiff alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment through the use of excessive force against Plaintiff. (Complaint).

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure No. 12(b)(6) based upon: (A) failure to state a claim upon which relief

may be granted; (B) failure to exhaust administrative remedies; and (C) sovereign immunity.

In his Complaint, Plaintiff maintains that he is a prisoner of the Commonwealth of Pennsylvania and currently confined at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania.  (Complaint ¶3).  Defendants, Sgt. Miller, Sgt. Hemmis and CO I Haldeman, are correctional officers employed by the Pennsylvania Department of Corrections assigned to work at the State Correctional Institution in Rockview. (Complaint ¶¶4, 5 and 6).

Plaintiff alleges that on July 7, 2017 he and Defendant Sgt. Miller got into an argument after Sgt. Miller gave Plaintiff a direct order to get his hair cut.  (Complaint ¶8).  After Plaintiff showed Sgt. Miller a copy of the Pennsylvania Department of Corrections Grooming Policy, Plaintiff alleges that Sgt. Miller became visibly mad and got in his face instructing him to go to his cell.  (Complaint ¶¶9 and 10).  Plaintiff alleges that on his way to his cell he was followed by Defendants Sgt. Miller, Sgt. Hemmis and CO I Haldeman.  (Complaint ¶12).

At Plaintiff's cell, Plaintiff alleges that Sgt. Miller pushed him from behind causing him to hit the wall in his cell.  (Complaint ¶14).   Plaintiff alleges that Sgt. Miller started to punch him in his face area with a closed fist approximately 20 to 30 times.  (Complaint ¶15).  Plaintiff alleges that, while Sgt. Miller was assaulting him, Sgt. Hemmis and CO I Haldeman stood at Plaintiff's cell door and watched but never

called for backup.  (Complaint ¶16).  Plaintiff alleges that, while Sgt. Miller was assaulting him, he was yelling for help and that Defendants, Sgt. Hemmis and CO I Haldeman, failed to care for his safety and failed to call for backup in violation of the Pennsylvania Department of Corrections Policy and Procedures.  (Complaint ¶17).

Plaintiff maintains that he was escorted to medical and received six (6) stitches above his left eye.  (Complaint ¶¶20 and 21).  Plaintiff alleges that he has sustained several injuries due to the actions of Sgt. Miller as well as Sgt. Hemmis and CO I Haldeman's failure to protect him.  (Complaint ¶22).

Plaintiff alleges that on July 23, 2017 he filed an initial inmate grievance. (Complaint ¶28).   Plaintiff alleges that on September 15, 2017, he received an initial response to his inmate grievance, which was granted in part and denied in part. (Complaint ¶29).

Plaintiff alleges that he filed his first level appeal to the Facility Manager on October 5, 2017.  (Complaint ¶30).  Plaintiff's first level appeal to the Facility Manager was marked as Plaintiff's Exhibit D(2) with a timestamp from the Superintendent's Assistant's Office stating that it was received on October 13, 2017. (Plaintiff's Exhibit D(2)).  On October 13, 2017, the Facility Manager's Appeal Response stated that Plaintiff's appeal was untimely because it was not received until

October 13, 2017.  (Complaint ¶31).  The Facility Manager's Appeal Response was

attached to the Complaint as Plaintiff's Exhibit D(3) and states as follows:

> An inmate may appeal an initial review response/rejection to the Facility Manager in writing, within <u>15 working days from the date of the initial review response/rejection.</u> This initial response was answered on September 15, 2017 and was not received in this office until October 13, 2017.

> This appeal is untimely; therefore, will not be processed.

(Plaintiff's Exhibit D(3)).

Plaintiff alleges that on October 22, 2017, he filed an appeal for final review

arguing that the Facility Manager erred in dismissing his appeal due to the "Prisoner

Mailbox Rule" citing *Com. v. Jones*, 700 A.2d 423 (Pa. 1997).  (Complaint ¶32 and

Plaintiff's Exhibit D(4)).   Plaintiff alleges that on October 30, 2017, Plaintiff

received a response from his final appeal also indicating that his appeal was not

submitted in a timely manner.  (Complaint ¶33).

Plaintiff alleges that Sgt. Miller's use of excessive force by punching him in

the face/head area approximately 20 to 30 times violated his right to be free from

cruel and unusual punishment under the Eighth Amendment.  (Complaint ¶¶36 and

37).  Plaintiff alleges that Sgt. Hemmis and CO I Haldeman's failure to protect

Plaintiff from being assaulted also violated his rights under the Eighth Amendment

of the United States Constitution.  (Complaint ¶¶38 and 39).

II.    <u>**Statement of Question Involved**</u>

Whether Plaintiff's Complaint should be dismissed based upon:

A.    Failure to state claim for which relief may be granted;

B.    Failure to exhaust administrative remedies; and

C.    Sovereign immunity.

III.    <u>**Argument**</u>

In ruling on a motion to dismiss, a court is required to accept as true all facts alleged in the complaint and all reasonable inferences that can be drawn there from. *Markowitz v. Northeast Land Company*, 906 F.2d 100, 103 (3d Cir. 1990). A claim should be dismissed under Federal Rule Civil Procedure No. 12 (b)(6) where it is clear that no relief could be granted under any set of facts that could be proved. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

When reviewing a motion to dismiss under Rule 12(b)(6), a court is generally confined to a consideration of the well-pleaded allegations in the complaint. The only exceptions to this rule limiting a motion to dismiss to consideration of the pleadings themselves are narrowly defined by the courts, permitting courts: (1) to "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"; and (2) allowing that: "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a

motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted).

**A.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANTS SGT. HEMMIS AND CO I HALDEMAN.**

Plaintiff alleges violations of 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution contending a violation of his right to be free from cruel and unusual punishment through the use of excessive force against him. However, as to Defendants Sgt. Hemmis and CO I Haldeman, Plaintiff has failed to state a claim upon which relief may be granted. Sgt. Hemmis and CO I Haldeman did not use force against Plaintiff and there was not a realistic and reasonable opportunity to intervene.

In deciding if a claim of excessive force is actionable, the court must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The following factors are considered: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts

made to temper the severity of a forceful response. *Id.*

To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Glazewski v. Corzine* 385 Fed. Appx. 83, 88 (3d Cir.2010) (quoting *Farmer v. Brennan,* 511 U.S. 824, 834 (1994)). Liability may also present for failing to protect an inmate from another officer's use of excessive force "if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger,* 293 F.3d 641, 650-51 (3d Cir.2002).

Here, Plaintiff alleges that on July 7, 2017 Sgt. Miller pushed him from behind causing him to hit the wall in his cell.  (Complaint ¶¶8 and 14).   Plaintiff alleges that Sgt. Miller started to punch him in his face area with a closed fist approximately 20 to 30 times.  (Complaint ¶15).  Plaintiff alleges that, while Sgt. Miller was assaulting him, Sgt. Hemmis and CO I Haldeman stood at Plaintiff's cell door and watched but never called for backup.  (Complaint ¶16).  Plaintiff alleges that, while Sgt. Miller was assaulting him, he was yelling for help and that Defendants, Sgt. Hemmis and CO I Haldeman, failed to care for his safety and failed to call for backup in violation of the Pennsylvania Department of Corrections Policy and Procedures. (Complaint ¶17).

Plaintiff's Complaint does not allege Sgt. Hemmis and CO I Haldeman used force against Plaintiff and does not allege there was a realistic and reasonable opportunity to intervene. Even assuming Sgt. Miller used excessive force, Sgt. Hemmis and CO I Haldeman did not have had any opportunity to intervene in Sgt. Miller's sudden use of force.

Similarly, in *Matthews v. Villella*, 381 Fed.Appx. 137 (3d Cir.2010), the Third Circuit upheld the District Court's holding that a Corrections Officer was not liable on a failure to intervene claim because there was not an opportunity to intervene to a sudden use of force. The Third Circuit stated, in relevant part, as follows:

> The District Court interpreted Matthews' claims against Herbling as a failure to protect claim and a failure to intervene claim. To state an Eighth Amendment failure to protect claim, Matthews must allege that he faced "substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). He must also allege that Herbling was deliberately indifferent to that risk. *Id.* at 838, 114 S.Ct. 1970. We agree that Matthews has not met this standard. His alleged injuries do not rise to the level of "serious harm," and he has not alleged a "pervasive risk of harm" from this single incident. *See Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir.1985). Moreover, Matthews' account of the alleged events indicates that Herbling was surprised by Villella's actions, and therefore lacked the knowledge to have acted with deliberate indifference.
>
> The District Court also properly dismissed Matthews' failure to intervene claim. An officer is liable for failing to protect an inmate from another officer's use of excessive force "if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger,* 293 F.3d 641, 650-51 (3d Cir.2002). As the District Court reasoned, even assuming Villella used excessive force, it does not appear that Herbling could have had any opportunity to intervene in Villella's sudden use of force.

*Id.* at 139-140.

Inasmuch Sgt. Hemmis and CO I Haldeman did not use force against Plaintiff and there was not a realistic and reasonable opportunity to intervene, Plaintiff has failed to state a claim upon which relief may be granted as to Defendants Sgt. Hemmis and CO I Haldeman. *Whitley*, *Matthews* and *Smith, supra.*

## B.   FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff's Complaint should be dismissed based on Plaintiff's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).[1]  Plaintiff's Appeal in the Inmate Grievance System was dismissed as untimely and, therefore, he failed to exhaust his administrative remedies.

A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The Third Circuit has consistently imposed a procedural default component on the exhaustion requirement that requires inmates to satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Inmates who fail to timely complete the prison grievance process

---

[1] The Pennsylvania Department of Corrections has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a).

are barred from subsequently litigating claims in federal court. *Id.* An "untimely or otherwise procedurally defective administrative grievance" fails to satisfy the exhaustion requirement of the PLRA and the failure to properly "exhaust administrative remedies" is a bar to "filing suit in federal court." *Woodward v. Ngo*, 548 U.S. 81, 83-84, 92 (2006).

Here, Plaintiff alleges that he filed his first level appeal to the Facility Manager on October 5, 2017 in the Inmate Grievance System. (Complaint ¶30). However, Plaintiff's first level appeal to the Facility Manager was marked as Plaintiff's Exhibit D(2) with a timestamp from the Superintendent's Assistant's Office stating that it was received on October 13, 2017. (Plaintiff's Exhibit D(2)). On October 13, 2017, the Facility Manager's Appeal Response stated that Plaintiff's appeal was untimely because it was not received until October 13, 2017 and states, in pertinent part, as follows:

> An inmate may appeal an initial review response/rejection to the Facility Manager in writing, within <u>15 working days from the date of the initial review response/rejection.</u> This initial response was answered on September 15, 2017 and was not received in this office until October 13, 2017.
>
> This appeal is untimely; therefore, will not be processed.

(Complaint ¶31 and Plaintiff's Exhibit D(3)).

Plaintiff alleges that on October 22, 2017, he filed an appeal for final review arguing that the Facility Manager erred in dismissing his appeal due to the "Prisoner

Mailbox Rule" citing *Com. v. Jones*, 700 A.2d 423 (Pa. 1997).  (Complaint ¶32 and Plaintiff's Exhibit D(4)).   Plaintiff alleges that on October 30, 2017, Plaintiff received a response from his final appeal also indicating that his appeal was not submitted in a timely manner.  (Complaint ¶33).

Although Plaintiff attempts to excuse his untimely appeal by citing the "Prisoner Mailbox Rule", the "Prisoner Mailbox Rule" applies to petitions for post-conviction relief and is inapplicable in this matter. *Id.* The facts of this case clearly establish his appeal was untimely.

Plaintiff's first level appeal to the Facility Manager has a timestamp from the Superintendent's Assistant's Office on it stating that it was received on October 13, 2017. (Plaintiff's Exhibit D(2)). The Facility Manager's Appeal Response was attached to the Complaint as Plaintiff's Exhibit D(3) and states as follows:

> An inmate may appeal an initial review response/rejection to the Facility Manager in writing, within <u>15 working days from the date of the initial review response/rejection.</u> This initial response was answered on September 15, 2017 and was not received in this office until October 13, 2017.
>
> This appeal is untimely; therefore, will not be processed.

(Plaintiff's Exhibit D(3)). Consequently, Plaintiff's Complaint should be dismissed in its entirety based on his failure to exhaust his administrative remedies, as required by the PLRA. *Booth, Spruill,* and *Woodward, supra.*

C.     **SOVEREIGN IMMUNITY**

On December 26, 2017, Plaintiff, Chad C. Renfro-Narduzzi, filed a Complaint against Sgt. Miller, Sgt. Hemmis, and CO I Haldeman ōIndividually and in their official capacities.ö (Complaint). Plaintiffơs Complaint alleges a cause of action under the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution. (Complaint). Plaintiff seeks compensatory and punitive monetary damages. (Complaint ¶¶44 and 45).

It is well-established that Section 1983 claims for compensatory and punitive monetary damages against a state or a state official in his official capacity are barred by the Eleventh Amendment of the United States Constitution. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). As for state officials in their official capacities, the Supreme Court has further recognized that õa suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.ö *Id.* at 71 (citations omitted).

Here, Plaintiff alleges that Defendants are liable ōIndividually and in their official capacities.ö (Complaint, page 1). Accordingly, Plaintiff's suit is barred by sovereign immunity under the Eleventh Amendment. *Will, supra.*

## IV.    <u>Conclusion</u>

For the forgoing reasons, Defendants, Sgt. Miller, Sgt. Hemmis, and CO I Haldeman, respectfully request that the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint.

Respectfully submitted:


WELBY STOLTENBERG CIMBALLA & COOK, LLC

By:___s/Richardson Todd Eagen_____
        Richardson Todd Eagen
        PA Atty. I.D. No. 79496
        teagen@wscc-law.com
        2504 Park Drive, Suite 101
        Harrisburg, Pennsylvania 17110
        (717) 234-0111
        Attorney for Defendants,
        Sgt. Miller, Sgt. Hemmis and CO I
        Haldeman


Date: March 9, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Richardson Todd Eagen, Attorney for the Defendants, Sgt. Miller, Sgt. Hemmis and CO I Haldeman, certify that on the 9th day of March, 2018, I have served the forgoing DEFENDANTSø BRIEF IN SUPPORT OF MOTION TO DISMISS via regular first class mail, postage prepaid mailed from Harrisburg, Pennsylvania upon the following individual(s):

Chad C. Renfro-Narduzzi, Inmate #LU7772
SCI-Rockview
Box-A
Bellefonte, PA  16823

WELBY STOLTENBERG CIMBALLA & COOK, LLC

By:   s/Richardson Todd Eagen
　　　Richardson Todd Eagen
　　　PA Atty. I.D. No. 79496
　　　teagen@wscc-law.com
　　　2504 Park Drive, Suite 101
　　　Harrisburg, Pennsylvania 17110
　　　(717) 234-0111
　　　Attorney for Defendants,
　　　Sgt. Miller, Sgt. Hemmis and CO I
　　　Haldeman

14